## In re Anonymous No. 69 D.B. 89

Disciplinary Board Docket no. 69 D.B. 89.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

KELLER, *Member,* March 16, 1990 — Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations regarding the above-captioned petition for discipline.

### HISTORY OF PROCEEDINGS

On July 11, 1989, the Office of Disciplinary Counsel filed a petition for discipline on respondent. The petition alleged various Disciplinary Rule violations in connection with respondent's representation of [A] and [B].

Respondent failed to file an answer to the petition for discipline.

On September 19, 1989, Hearing Committee [ ] convened to take evidence on the matter. The committee consisted of [ ].

On October 18, 1989, petitioner filed a lengthy brief to Hearing Committee [  ], requesting that respondent be suspended from the practice of law for a period of three years.

On December 1, 1989, the hearing committee filed its report, recommending that respondent be suspended from the practice of law for a period of three years.

The matter was adjudicated at the January 26, 1990 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

(1) Respondent was born in 1949 and admitted to the Pennsylvania Bar in 1977.

(2) During most of the time the disciplinary rule violations occurred, respondent maintained an office out of his home in [  ].

### The [C] Estate

(3) On November 23, 1983, [C] died intestate as a result of an automobile accident. [C's] surviving heirs were her parents, [D] and [A].

(4) On January 9, 1984, [D] filed letters of administration and a renunciation by [A], and was named administratrix of her daughter's estate. The first and final account of [D] was filed by [E], Esq., attorney for the estate, on October 21, 1984.

(5) [A] excepted to the first and final account through his counsel, [F], Esq.; [A] questioned the accounting's failure to list alleged assets of the estate and the resolution of wrongful death and survival claims and actions against [G], driver of the other vehicle involved in [C's] accident.

(6) [G] faced criminal charges in the matter of [C's] death. [G] was represented by defense attorney [H], Esq., and prosecuted at the end of District

Attorney [I's] tenure. Judge [J] presided over the case, in which [G] entered a plea of guilty to homicide by vehicle, non-DUI.

(7) On February 4, 1985, [A's] successor counsel, [K], Esq., withdrew his client's exceptions on praecipe and executed a settlement of estate for $19,000 in exchange for relinquishment of all claims against the estate. An order dated February 4, 1985 confirmed the settlement.

(8) On July 6, 1987, [L], Esq., filed a petition for citation on behalf of [A] concerning certain stock which had been excluded from the settlement.

(9) On May 26, 1988, Attorney [L] withdrew his appearance for [A] and respondent entered his appearance.

(10) On July 11, 1988, respondent filed a "petition for summary removal of [D] as administratrix and other appropriate relief." The single-paragraph petition included and incorporated by reference an unverified nine-page letter from respondent to [M], an officer of the Department of Public Welfare, Office of Fraud and Abuse Investigations and Recovery. The letter to [M] contained numerous, unfounded allegations against [D]; Judge [J], who had adjudicated the [C] matter; Attorney [E]; and various other individuals. The allegations were of case "fixing," criminal fraud, and other illegal and unethical activities.

(11) On July 11, 1988, the petition was dismissed without prejudice and respondent's motion for recusal was denied. Respondent failed to refile the petition in accordance with the Rules of Civil Procedure.

## [B] v. [N]

(12) On September 2, 1987, respondent initiated an action by writ of summons in the Court of

Common Pleas for [ ] County on behalf of his client, [B], against [N], [O], and [P]. The gravamen of the action was a possible civil rights violation.

(13) On October 6, 1987, defense counsel [Q], Esq., filed a petition for removal to the U.S. District Court for the [ ] District of Pennsylvania. The case was removed and assigned to Judge [R] in [ ].

(14) At 4:53 p.m. on October 23, 1987, defendant filed an answer. Seven minutes later, respondent filed a motion for default seeking a declaration of default on the issues of liability and a trial on the issue of damages.

(15) On November 3, 1987, the court denied the motion for default without prejudice, after defendants had filed an answer to the motion.

(16) On November 12, 1987, defendants filed an amended answer, and respondent filed a motion to strike defendants' original answer.

(17) On December 7, 1987, respondent filed a motion to strike the amended answer. The motion contained various accusations concerning defense counsel and other members of the Pennsylvania Bar: That the defendant District Attorney [P] was protecting the narcotics trade in Pennsylvania and that the Pennsylvania Supreme and Superior Courts, Pennsylvania Attorney General, Federal Bureau of Investigation, United States Attorney's Office, and the Justice Department are all involved in "case fixing."

(18) On December 24, 1987, plaintiff's motion to strike was denied.

(19) On February 1, 1988, respondent filed plaintiff's surreply brief on his motion to strike the amended answer. This brief also contained unsubstantiated, bizarre remarks concerning defense counsel, and the motion was denied on March 9, 1988.

(20) On May 11, 12, and 13, 1988, defendants served respondent with interrogatories and requests for admissions. Respondent's response filed June 13, 1988, was a blanket condemnation of the "perversion of the legal process."

(21) On June 15, and 17, 1988, defense counsel moved to compel respondent to answer the interrogatories and requests for admission, and requested that sanctions be imposed on respondent for his conduct in the matter.

(22) Respondent's July 8, 1988, brief in opposition to the motion, of defendants [N] and [O] for a continuance contained additional indictment of defense counsel's conduct.

(23) Respondent's July 11, 1988 brief in opposition to motion of defendants [N] and [O] to compel discovery opened with respondent's condemnation of his opposing counsel: "Well, here we go again, struggling just to stay afloat in the ocean of slime generated by Messrs. [Q] and [S]."

(24) Trial began before Judge [R] on August 22, 1988.

(25) On August 23, 1988, respondent made a verbal motion for the recusal of Judge [R] and accused the judge of being crazy, corrupt, and biased. Later that day, Judge [R] invited respondent into his chambers and asked him to explain the factual basis for his attack on the judge's credibility. Respondent's response was a litany of attacks on decisions the judge had made on pretrial motions which were well within his discretion and did not smack of any sort of bias.

(26) At the same time he attacked Judge [R's] credibility, respondent also accused members of the Pennsylvania Supreme Court and the United States Justice Department of fixing cases.

(27) On August 25, 1988, respondent refused to proceed with any further action on the matter, although the case was at the height of its trial, and would not withdraw as counsel.

(28) On August 26, 1988, the jury entered a special verdict against the plaintiff, which was entered on August 29, 1988.

(29) On August 30, 1988, respondent filed a brief in opposition to defendant [P's] motion to vacate answers. The brief opened: "Contrary to yet another stinking, filthy, rotten lie by [T]. . ."

(30) On September 21, 1988, respondent filed a motion for new trial and to alter or amend the judgment, at which time he alleges that Judge [R] specifically sought to hinder his representation of [B].

## *[B] v. [P]*

(31) On April 22, 1988, respondent initiated an action by writ of summons, *[B], Plaintiff v. [P] et al., Defendants,* in the Court of Common Pleas of [   ] County.

(32) On June 28, 1988, respondent filed a complaint, on behalf of his client, alleging two causes of action against [U] Police Department officers, members of the District Attorney's Office, officials of the Court of Common Pleas of [   ] County, and various other individuals. Respondent accused [P] and others of engaging in unethical behavior and protecting drug dealers and other criminals, although he stated no factual basis for these allegations.

(33) On July 15, 1988, the matter was removed to the U.S. District Court for the [   ] District of Pennsylvania. One month later, respondent filed a brief in response to motion of two of the defendants, which he categorized as "a disgrace" and a re-

sponse to the defendants' "sick-minded collection of moronic lies and perverted filth."

(34) On September 26 and 30, 1988, respondent made further filings as part of his representation of [B]. His briefs in response to the defendants' motion to strike entry of default and motion to dismiss contained further allegations of wrongdoing on the part of Judge [R] and Chief Judge [V] whose "more powerful allies will come crawling from under their rocks in the coming weeks."

(35) On October 5, 1988, Judge [R] struck this inflammatory language from the record as scandalous. A motion for reconsideration was stricken from the record by order dated November 10, 1988, for the same reason.

(36) On November 18, 1988, respondent filed a brief in support of motion to remand which further alluded to Judge [R's] fixing of the case.

(37) Respondent's actions in the course of his representation of [B] led to his suspension from the practice of law before the United States District Court for the [   ] District of Pennsylvania on May 31, 1989.

## CONCLUSIONS OF LAW

The board adopts the following proposed conclusions of law set forth in petitioner's brief to the hearing committee.

(1) By his conduct in the *Estate of [C]* case, respondent violated the following Pennsylvania Rules of Professional Conduct:

(a) Rule 1.1, which requires a lawyer to provide competent representation to a client;

(b) Rule 3.1, which prohibits a lawyer to bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so which is not frivolous;

(c) Rule 3.3(a)(1), which prohibits a lawyer to knowingly make a false statement of law or fact to a tribunal;

(d) Rule 3.4(c), which prohibits a lawyer, when appearing before a tribunal, to assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of the accused;

(e) Rule 3.5(c), which prohibits a lawyer to engage in conduct disruptive to a tribunal;

(f) Rule 4.1(a), which prohibits a lawyer, in the course of representing a client, to knowingly make a false statement of material fact or law to a third person;

(g) Rule 8.2(b), which prohibits a lawyer to knowingly make false accusations against a judge or other adjudicatory officers;

(h) Rule 8.4(c), which prohibits a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

(i) Rule 8.4(d), which prohibits a lawyer to engage in conduct that is prejudicial to the administration of justice.

(2) Operation of the doctrine of collateral estoppel renders the decision of the United States District Court for the [    ] District of Pennsylvania as to the [B] matters conclusive for purposes of this proceeding.

(3) By his conduct in the *[B]* v. *[N]* case, as described in count II of the petition for discipline, respondent violated the following Pennsylvania Rules of Professional Conduct:

(a) Rule 1.1, which requires a lawyer to provide competent representation to a client;

(b) Rule 3.1, which prohibits a lawyer to bring or defend a proceeding, or assert or controvert an issue

therein, unless there is a basis for doing so which is not frivolous;

(c) Rule 3.3(a)(1), which prohibits a lawyer to knowingly make a false statement of law or fact to a tribunal;

(d) Rule 3.4(c), which prohibits a lawyer, when appearing before a tribunal, to assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of the accused;

(e) Rule 3.5(c), which prohibits a lawyer to engage in conduct disruptive to a tribunal;

(f) Rule 4.1(a), which prohibits a lawyer, in the course of representing a client, to knowingly make a false statement of material fact or law to a third person;

(g) Rule 8.2(b), which prohibits a lawyer to knowingly make false accusations against a judge or other adjudicatory officers;

(h) Rule 8.4(c), which prohibits a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

(i) Rule 8.4(d), which prohibits a lawyer to engage in conduct that is prejudicial to the administration of justice.

(4) By his conduct in the *[B] v. [P]* case, as described in count III of the petition for discipline, respondent violated the following Pennsylvania Rules of Professional Conduct:

(a) Rule 1.1, which requires a lawyer to provide competent representation to a client;

(b) Rule 3.1, which prohibits a lawyer to bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so which is not frivolous;

(c) Rule 3.3(a)(1), which prohibits a lawyer to knowingly make a false statement of law or fact to a tribunal;

(d) Rule 3.4(c), which prohibits a lawyer, when appearing before a tribunal, to assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of the accused;

(e) Rule 3.5(c), which prohibits a lawyer to engage in conduct disruptive to a tribunal;

(f) Rule 4.1(a), which prohibits a lawyer, in the course of representing a client, to knowingly make a false statement of material fact or law to a third person;

(g) Rule 8.2(b), which prohibits a lawyer to knowingly make false accusations against a judge or other adjudicatory officers;

(h) Rule 8.4(c), which prohibits a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

(i) Rule 8.4(d), which prohibits a lawyer to engage in conduct that is prejudicial to the administration of justice.

## DISCUSSION

The issue before the Disciplinary Board is how to discipline an attorney whose lack of respect for the court and its officers has led to the assertion of scandalous and inflammatory accusations of widespread corruption, conduct which has been prejudicial to the administration of justice, and suspension from the federal bar.

An appropriate starting point in the dispensation of such a case is with an examination of respondent's conduct in relation to the Disciplinary Board. It should be noted that respondent has chosen from

the outset not to participate in the adjudication of this matter. He failed to file an answer to the petition for discipline or to file any sort of brief or memorandum to the hearing committee. Respondent also failed to participate in the hearing on the matter before the hearing committee, having determined that the imposition of disciplinary sanctions was a foregone conclusion. On the day of the hearing, committee chair [W] spoke directly with respondent and inquired whether respondent was going to attend the hearing. Respondent was "apparently disturbed and unresponsive to the questions that were posed to him," and characterized the hearing as a "farce," according to [W].

Respondent's attitude toward the Disciplinary Board and the serious nature of formal disciplinary sanctions is akin to the erratic manner in which he behaved while representing [A] and [B]. The gravamen of respondent's misconduct in the [C] matter was his scandalous accusation of case fixing and criminal, fraudulent activity by members of the bench and bar. Respondent's wild accusations are documented and without foundation. Because respondent had no basis for making these allegations and his conduct hampered the administration of the [C] matter, his conduct can only be described as a reckless, deceitful, prejudicial interference with the administration of justice and not a competent representation of his client. Respondent's conduct was therefore a direct violation of the following Pennsylvania Rules of Professional Conduct: 1.1, 3.1, 3.3(a)(1), 3.4(c), 3.5(c), 4.1(a), 8.2(b), 8.4(c), and 8.4(d).

Respondent's misconduct in the [B] cases was more egregious, evidenced by the fact that it led to his May 31, 1989 suspension from the United States District Court for the [ ] District of Pennsylvania.

In *[N]* and *[P]* respondent raised various frivolous challenges to judicial and his opponents' competence. He also leveled baseless inflammatory allegations at various members of the bench and bar. The wild, slanderous accusations had no basis in fact and ultimately led to incompetent representation of his client, specifically when respondent refused to proceed any further with the trial yet remained the counsel of record. A cursory examination of the facts underlying the *[N]* and *[P]* cases lead to the conclusion that respondent violated the following Pennsylvania Rules of Professional Conduct: 1.1, 3.1, 3.3(a)(1), 3.4(c), 3.5(c), 4.1(a), 8.2(b), 8.4(c), and 8.4(d).

Respondent's conduct in these instances is highly unacceptable and requires discipline. Respondent has offered no explanation for his erratic behavior and apparent disenchantment with the Pennsylvania bench and bar. We are therefore compelled to ascertain the appropriate disciplinary sanctions to be imposed based upon petitioner's uncontroverted evidence. According to rule 204(a)(2), Pa.R.D.E., misconduct shall be grounds for suspension from the practice of law for a period not to exceed five years. (See section 85.8(a)(2), Disciplinary Board Rules). Suspension of one's license to practice law is an appropriate disciplinary measure where respondent's continuing active membership in the bar compromises its integrity. We believe this is exactly such a case.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent be suspended from the practice of law for a period of three years. The board recommends fur-

ther that respondent be ordered to pay the costs of investigating and prosecuting this matter.

Mr. Douglas recused himself and Ms. Heh and Mr. Padova did not participate in the adjudication.

## ORDER

And now, May 25, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated March 16, 1990, it is hereby ordered that [respondent], be and he is suspended from the bar of this Commonwealth for a period of three years, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

Mr. Chief Justice Nix and Mr. Justice Larsen did not participate in the consideration or decision of this case.

Mr. Justice Papadakos dissents and would issue a rule to show cause why respondent should not be disbarred.